# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| GABRIEL NKENGFACK, |
|                Plaintiff, |
|                v. |
| AMERICAN ASSOCIATION OF RETIRED PERSONS, |
|                Defendant. |

Civil Action No. 11-00530 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION

Plaintiff Gabriel Nkengfack, who is proceeding pro se, is a Cameroonian immigrant currently employed by the defendant, the American Association of Retired Persons ("AARP"). Compl. at 1. The plaintiff alleges that the AARP has violated Title VII of the Civil Rights Act of 1964 because it twice passed him over for promotion due to his national origin, foreign accent, and in retaliation for a complaint he filed with the Equal Employment Opportunity Commission ("EEOC"). *Id.* He contends that he was qualified for the promotions and that, in one instance, the AARP instead promoted a coworker whom he had trained. *Id.* at 1-2. In support of these allegations, the plaintiff submitted an exhibit containing, among other things, positive employee reviews. *See* Pl.'s Ex. C. He also claims that the AARP retaliated against him through negative employee performance evaluations and by physical harassment when he was forced to vacate his office to accommodate new employees. Compl. at 2.

The defendant has moved to dismiss this action on the grounds that the plaintiff did not file his complaint within the 90-day time limit required for Title VII lawsuits. As explained below, the Court finds that the plaintiff's 90-day time limit was tolled due to the plaintiff's filing

of an application to proceed *in forma pauperis* in this action.  After accounting for this tolling, including sufficient time for the plaintiff to receive notice of the Court's decision on the plaintiff's application, the Court finds that the plaintiff's Complaint was timely.  Accordingly, the motion to dismiss is denied.

I.      BACKGROUND

Prior to filing this lawsuit, the plaintiff first filed a complaint with the EEOC.  After denying relief on his complaint, the EEOC mailed the plaintiff a right-to-sue letter on November 30, 2010.  Pl.'s Ex. F at 1.  Title VII provides that an individual has 90 days to file a complaint with the appropriate federal district court after receipt of an EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  On February 24, 2011, the plaintiff filed an Application to Proceed Without Prepayment of Fees in this Court in connection with his discrimination complaint against the AARP.  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3.  The Court denied the application on March 1, 2011.  *Id.* at 4.  The plaintiff asserts that he did not receive notice of this decision until March 11, 2011.  Pl.'s Supplemental Opp'n to Def.'s Mot. to Dismiss at 2.

On March 14, 2011, the plaintiff filed the instant Complaint along with the required filing fees.  Compl.

The plaintiff's Complaint seeks a retroactive promotion and back pay of $105,000 under Title VII.  Compl. at 1.  On April 6, 2011, the defendant filed a Motion to Dismiss or, in the alternative, for Summary Judgment on the grounds that the plaintiff failed to file his claim within the 90-day time limit required by Title VII.  Def.'s Mem. in Supp. of Mot. to Dismiss.   The defendant's motion is presently before the Court.

## II. STANDARD OF REVIEW AND STATUTORY FRAMEWORK

### 1. Motion to Dismiss Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). Although detailed factual allegations are not required, the Complaint must set forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and may not merely state "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 556).

### 2. Title VII Time Limits

To bring a civil action under Title VII, the plaintiff must file the complaint within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed. 42 U.S.C. § 2000e-5(f)(1); *see also Amiri v. Stoladi Prop. Grp.*, 407 F. Supp. 2d 119, 123 (D.D.C. 2005); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (noting that "[t]his statute of limitations provision requires that, in order to maintain a civil suit under Title VII, a party must file a complaint within ninety days after receiving a right-to-sue letter from the EEOC.") (citing 42 U.S.C. § 2000e-5(f)(1)). A court may dismiss a suit for missing the deadline by one day. *See Woodruff v. Peters,* 482 F.3d 521, 525 (D.C. Cir. 2007) (citing *Wiley v. Johnson,* 436 F. Supp. 2d 91, 96 (D.D.C. 2006)).

This 90-day, non-jurisdictional time limit functions like a statute of limitations and is subject to waiver, estoppel and equitable tolling. *See Wiley,* 436 F. Supp. 2d at 96 (citing *Mondy v. Sec. of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988)); *Bowden v. United States,* 106 F.3d 433, 437 (D.C. Cir. 1997) ("[F]unctioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver."); *see also Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011) (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577-70 (D.C. Cir. 1998)). Moreover, the fact that a plaintiff is a *pro se* litigant does not exempt him from the 90-day statute of limitations. *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. at 97. "No matter how slight the tardiness, a court is not at liberty to disregard the 90-day deadline out of a vague sympathy for any particular plaintiff." *Turner v. Afro-American Newspaper Co.,* 572 F. Supp. 2d 71, 73 (D.D.C. 2008) (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984)).

## III. DISCUSSION

The defendant claims that the plaintiff's Complaint was untimely because, by the defendant's calculations, the plaintiff waited more than 90 days to initiate suit after receiving his right-to-sue notice from the EEOC. The plaintiff argues that his suit is timely because he attempted to initiate this case by filing an application to proceed *in forma pauperis* ("IFP"), with his complaint as an attachment, within the allotted 90-day time period.[1] Shortly after receiving notice of the Court's denial of his IFP application, he then filed his Complaint, along with the filing fee. Since both parties agree that the 90-day time limit is tolled during the pendency of an

---

[1] The defendant suggests that the plaintiff may not have attached the complaint to his IFP application. *See* Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 1 ("[T]here is no evidence in the docket or in Plaintiff's Opposition that he filed his complaint on February 24, 2011."). To the contrary, the Court takes judicial notice of the fact that the plaintiff did attach a version of his complaint to his IFP application, as evidenced by the plaintiff's file in the office of the Clerk of the Court. *See Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139, 144 n.2 (D.D.C. 2011) ("The Court may take judicial notice of public records like docket sheets and other court documents."). Indeed, the Court's IFP application requires the plaintiff to attach the complaint for which IFP status is sought.

IFP application, the dispute in this case ultimately centers on whether such tolling ends immediately after the Court's ruling on the IFP application or whether tolling continues for a reasonable period thereafter to account for the plaintiff's receipt of notice of the ruling. As explained below, the Court finds that a reasonable notice period is appropriate here and that the plaintiff's Complaint is therefore timely.

### A. The 90-Day Statutory Time Period Began Five Days After The EEOC Mailed the Right-to-Sue Letter.

The first step in analyzing the timeliness of the Complaint is identifying the exact date on which the plaintiff's 90-day time period for filing suit began to run. As noted above, the 90-day period is triggered upon the plaintiff's "receipt of notice" of the EEOC's decision. *See McAlister v. Potter*, 733 F. Supp. 2d 134, 143 (D.D.C. 2010). Here, it is undisputed that the EEOC mailed the right-to-sue letter to the plaintiff on November 30, 2010, and the plaintiff has not otherwise pled the date on which he received the letter. *See* Compl. "Where a plaintiff fails to plead the date that he received the right-to-sue letter, the court 'must fix a presumptive date of receipt for purposes of determining whether Plaintiff complied with the ninety day filing requirement.'" *Ruiz*, 763 F. Supp. 2d at 171 (quoting *Anderson*, 886 F. Supp. at 97). Courts routinely apply a three-to-five-day presumptive notice period following the mailing of the right-to-sue letter. *See, e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (finding that "presumed date of receipt" is three days after issuance of right-to-sue letter under prior Fed. R. Civ. P. 6(e)); *Smith-Haynie*, 155 F.3d at 578 n.3 (applying *Baldwin*'s three-day rule); *Anderson*, 886 F. Supp. at 97 (finding that courts are divided whether the rule should be three or five days of presumptive notice); *Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002) (applying the five-day presumption where the certificate of mailing stated that the EEOC "will presume that [its] decision was received within five (5) calendar days after it was mailed").

5

In *Ruiz v. Vilsack*, a court in this district applied the longer five-day presumption because the certificate of mailing accompanying the right-to-sue letter specified a five-day period. 763 F. Supp. 2d at 171 (citing *Washington*, 231 F. Supp. 2d at 75). In this case, the EEOC right-to-sue letter was mailed on November 30, 2010. Pl.'s Ex. F at 1. The record here does not appear to contain any certificate of mailing or other documents indicating a particular presumptive notice period. Even so, in light of the five-day notice periods applied in *Ruiz* and *Washington*, and considering the plaintiff's pro se status, the Court finds it reasonable to apply the five-day presumption here.

Thus, the plaintiff will be deemed to have received the EEOC's decision on December 5, 2010. Without the benefit of any tolling, the plaintiff's Complaint would therefore have been due within 90 days of December 5, 2010 – that is, by March 5, 2011.

### B. The Statutory Time Period Was Tolled During the Pendency of the Plaintiff's IFP Application and for a Reasonable Time Thereafter.

On February 24, 2011, well within the time limit, the plaintiff attempted to initiate his suit against the defendant in this Court by filing an Application to Proceed Without Prepayment of Fees – also known as an application to proceed "*in forma pauperis*" or "IFP." Pl.'s Opp'n to Def.'s Mot. to Dismiss 3. It is well settled – and essentially conceded by the defendant – that the statutory filing period is tolled while such an application to proceed IFP is pending before the Court. *See* Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 2; *see, e.g.*, *Ruiz*, 763 F. Supp. 2d at 172 ("[T]he filing of a complaint along with an IFP application . . . tolls the ninety-day period of limitations contained in the right to sue letter during the Court's review of the IFP application.") (quotation omitted); *Okereh v. Winter*, 600 F. Supp. 2d 139, 142 (D.D.C. 2009) (finding that courts toll the statutory period in "extraordinary circumstances," such as when a court is reviewing an IFP application); *Amiri*, 407 F. Supp. 2d at 124 (same); *Washington*, 231 F.

Supp. 2d at 75 (same); *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994) ("Plainly, the statute of limitation is tolled while the IFP petition is pending.").

In an order issued by Judge Bates, the Court denied the plaintiff's IFP application on March 1, 2011 – five days after the plaintiff filed it. The defendant argues that the tolling of the plaintiff's 90-day time limit ended immediately upon the Court's denial of the plaintiff's application. Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 3. Thus, under the defendant's view, the filing of the IFP application only served to toll the plaintiff's original deadline of March 5, 2011 until March 10, 2010 – i.e., for five days to correspond to the five-day pendency of the IFP application. Thus, the defendant submits that the plaintiff's March 14, 2011 filing was four days late. *Id.* The plaintiff's apparent contention, however, is that the tolling should not end immediately upon the Court's denial of the IFP application, but rather upon the plaintiff's receipt of notice of that denial. If this Court were to apply a presumptive notice period of four days or more to account for the plaintiff's receipt of the Court's March 1, 2011 decision on the plaintiff's IFP application, then the plaintiff's March 14, 2011 filing would be timely.

"Courts have not been entirely consistent as to whether the statute of limitations is equitably tolled only from the time that the IFP application is filed until the time that the Court rules on the application, or whether it remains tolled until the plaintiff receives notice of the Court's decision." *Ruiz*, 763 F. Supp. 2d at 172; *Amiri*, 407 F. Supp. 2d at 124 (explaining that tolling continues until "the time the Court rules on the application"); *Washington*, 231 F. Supp. 2d at 75 (same); *Okereh*, 600 F. Supp. 2d at 142 (stating that "[e]quitable tolling applies between the day [the plaintiff] filed his IFP application . . . and the day he received the Court's denial"); *Williams-Guice*, 45 F.3d 161, 165 (7th Cir. 1995) (acknowledging the possibility that "the time remains in suspension for a reasonable time . . . after the district court's order" denying the IFP

7

application, but declining to decide the tolling end-date, since the plaintiff's complaint was untimely under any possible date)).

In *Ruiz v. Vilsack*, the Court faced a situation similar to the instant case. *See Ruiz*, 763 F. Supp. 2d at 172-73. The *Ruiz* plaintiff had applied for IFP status with six days left before the expiration of the 90-day period. *Id*. The Court subsequently denied the application. *Id.* at 170. The *Ruiz* plaintiff, however, waited approximately four months before filing a complaint with the filing fee. *Id.* The court considered tolling the statutory time limit for the pendency of the IFP application and for a presumptive five-day notice period thereafter, so that the plaintiff would be "presumed to have received notice of the Court's denial of his IFP application five days after its issuance." *Id.* at 172. This presumptive notice period would not have helped the plaintiff in *Ruiz*, however, since the plaintiff's complaint would still have been approximately four months overdue. *See id.* Therefore, the *Ruiz* court concluded that it ultimately did not need to decide whether a presumptive notice period should be included in the tolling period or not "because plaintiff's complaint is untimely under either mode of analysis." *Id.* Here, by contrast, the application of a presumptive five-day notice period would save the plaintiff's Complaint.

Despite the inconsistencies in the case law, the weight of authority supports tolling the statute of limitations not only for the pendency of an IFP application, but also for a reasonable period thereafter to account for receipt of notice of the court's decision. In *Okereh v. Winter*, a case from this district, the court noted explicitly that "[e]quitable tolling applies between the day [plaintiff] filed his IFP application . . . and the day he received the Court's denial." 600 F. Supp. 2d at 142. In *Williams-Guice v. Board of Education of City of Chicago*, the Seventh Circuit also suggested that the statute of limitations should "remain[] in suspension for a reasonable time— perhaps a time defined by local rules—after the district court's order" on an IFP application. 45

F.3d at 165 (noting that the other possibility is: "Tough luck, that's a consequence you accepted by waiting until the eleventh hour to file the complaint and seeking a dispensation to which you were not entitled."); *see also Harris v. Walgreen's Distribution Ctr.*, 456 F.2d 588, 591 (6th Cir. 1972) (noting that "courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act" and finding that upon granting or denying a motion for appointment of counsel, the district judge "should set a reasonable time" within which the complaint must be filed); *Mitcham v. Calderon*, No. C 94–2854, 1996 WL 33322268, at *13 (N.D. Cal. Dec. 20, 1996) ("Accordingly, a motion for appointment of counsel should toll the statutory period. Further, the court should give the plaintiff a reasonable time after appointment of counsel to file suit.") (internal citation omitted); *Paulk v. Dept. of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir. 1987) (statute of limitations should be tolled during pendency of application and "for a reasonable time thereafter.") (citing *Harris*, 456 F.2d at 591-92).

In *Jarrett v. US Sprint Communications Co.*, a case cited by the defendant, the Tenth Circuit held that a Title VII complaint was not timely filed when the plaintiff waited five months after the Court denied the IFP application to file the complaint with the filing fee. 22 F.3d at 259. The court concluded that five months was an unreasonable amount of time and did not fall within any possible "grace period." *See id.* Even the *Jarrett* court, however, tolled the time period for three extra days, apparently to account for mailing of notice. *Id.* ("[W]e hold that the 90-day limitation period was only tolled for those four days [while the IFP application was pending], and the additional three days required by Fed. R. Civ. P. 6(e).").[2]

---

[2] The additional three-day period provided for in Fed. R. Civ. P. 6(d), the current version of the rule referenced by the *Jarrett* court, relates to acts that must be performed within a specified time after service. *See* Fed. R. Civ. P. 6(d). Since this case involves the filing and service of the Complaint itself, rather than an act performed after service, the three-day rule appears to apply by analogy rather than directly. *Cf. Baldwin*, 466 U.S. at 148 n.1

9

Basic fairness also counsels that the time limit should be tolled for a reasonable time period to account for notice of the Court's ruling on the IFP application. It is axiomatic that the plaintiff will be unaware that the Court has ruled on his pending application – and thus that his statutory time period has begun to run again – until he receives notice of the ruling from the Court. It would be an overly harsh rule to expect a plaintiff to file a complaint along with a filing fee when he remains under the reasonable belief that his application to proceed *in forma pauperis* on the very same complaint is still pending before the Court.

Finally, the Court notes that several of the cases that appear to stand for the rule that tolling only continues during the pendency of an IFP application were cases in which the IFP application was, in fact, granted, and the complaint was thus immediately filed upon the court's decision without any intervening act by the plaintiff being necessary. *See, e.g., Amiri*, 407 F. Supp. 2d at 124; *Washington*, 231 F. Supp. 2d at 75. Therefore, these courts did not actually address the question before this Court, which is whether, in a case where an IFP application is denied, tolling should be extended for a reasonable period to account for notice of the Court's denial.

Accordingly, the Court finds that the statutory time limit should be tolled not only for the five-day pendency of the plaintiff's application, but also for an additional five-day presumptive notice period to account for notice of the Court's ruling on the plaintiff's IFP application. This ten-day tolling period would extend the plaintiff's filing deadline from March 5, 2011 to March 15, 2011. Since the plaintiff filed his Complaint on March 14, 2011, the Court will therefore

---

(applying three-day rule). In any event, the Court interprets the *Jarrett* court's invocation of these three extra days as a presumptive notice period.

treat the Complaint as timely.[3]

**IV. CONCLUSION**

For the reasons stated above, the defendant's motion to dismiss is denied. The Court accepts the plaintiff's Complaint as timely filed on March 14, 2011. An appropriate Order will accompany this Memorandum Opinion.

**Date: October 14, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[3] In his supplemental opposition memorandum, the plaintiff asserts that he did not receive actual notice of the denial of his IFP application until March 11, 2011 – ten days after the Court's ruling on his IFP application. Pl.'s Suppl. Opp'n to Mot. to Dismiss at 2. This factual assertion is not alleged in the Complaint or substantiated by any exhibits or evidence other than the statement in the plaintiff's brief. Since the Court has determined that the plaintiff's Complaint was timely due to the operation of the five-day presumptive notice period following the Court's March 1, 2011 ruling, the Court need not reach the plaintiff's factual contention that he did not receive actual notice of the Court's ruling until ten days after the ruling.